401 A.2d 310

COMMONWEALTH of Pennsylvania

v.

**Bernard C. JERRY, Appellant.**

COMMONWEALTH of Pennsylvania

v.

**Gary James ROBINSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 13, 1979.

Decided May 1, 1979.

96

Layden C. Sadecky, Beaver, for appellant at No. 48.

Harry E. Knafelc, Public Defender's Office, Beaver, for appellant at No. 52.

John Lee Brown, Jr., Asst. Dist. Atty., Beaver, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

■■■ In a joint trial, appellant Bernard C. Jerry was convicted of murder of the first degree and appellant Gary Robinson was convicted of murder of the second degree. Additionally, the appellants were convicted of robbery, conspiracy, and various other offenses. Post-verdict motions were denied and the appellants were sentenced to life imprisonment. In this appeal, the appellants (individually or in conjunction) raise the following contentions, all of which are without merit.

1. That the evidence is insufficient to sustain appellant Jerry's conviction of murder of the first degree[1] and robbery.

2. That the lower court erred in determining that appellant Jerry had waived his right to object to certain inadmissible evidence.

3. That the lower court erred when, during the trial, it discharged a principal juror and replaced said juror with an alternate juror.

4. That the lower court erred in permitting in-court identifications of the appellants (Jerry and Robinson) by four Commonwealth witnesses.

5. That the lower court erred in refusing the appellants' (Jerry and Robinson) motion for a mistrial after a Commonwealth witness revealed that he had received a threat.

6. That the trial court erred by ruling it would allow the introduction of a portion of the appellants' (Jerry and Robinson) criminal records if the appellants elected to testify.

■■■ Finally, in a pro se brief appellant Jerry contends that trial counsel was ineffective in failing to raise a timely

---

1. A review of the record reveals that there was sufficient evidence to support the jury's verdict.

objection to certain inadmissible evidence. We are unable to consider this contention because appellant Jerry's appellate counsel is the same attorney who represented him at the trial. We will, therefore, remand to the lower court for appointment of new appellate counsel and any hearing deemed necessary by that court.

Judgments of sentence as to Gary James Robinson are affirmed. We withhold final disposition on the judgments of sentence as to Bernard C. Jerry pending the remand on the ineffective assistance of counsel issue.

NIX, J., concurs in the result.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice, dissenting.

I dissent. Appellants both argue that the trial court abused its discretion in discharging a principal juror and substituting an alternate juror. During the trial, the judge called all counsel into chambers and advised that the Court Administrator had received a message from juror No. 4's father. This letter stated that juror No. 4 was to arrange a job interview for a teaching position. Since apparently an interview could not be arranged prior to the deadline established by the School District, the trial judge discharged the juror notwithstanding appellants' objections.

Pa.R.Crim.P. § 1108(a) establishes when a principal juror may be replaced by an alternative juror. Rule 1108(a) states in pertinent part:

"Alternate jurors in the order in which they are called shall replace principal jurors who, prior to the time the jury retires to consider its verdict, become *unable* or *disqualified* to perform their duties." (Emphasis added.)

While one may understand juror No. 4's desire to schedule a job interview during the trial, it cannot be said that juror No. 4 was in any way "unable" or "disqualified." In *Commonwealth v. Black,* 474 Pa. 47, 376 A.2d 627 (1977) although some members dissented on other grounds, this Court upheld

the replacement of a juror by an alternate. However, that juror was "disqualified" since the first defense witness was the sister of the juror.

In *Commonwealth v. Saxton,* 466 Pa. 438, 353 A.2d 434 (1976), we held that the record must support a finding of "unable" or "disqualified." The record in this case does not support such a finding. The terms of Rule 1108(a), are unambiguous and must be given their natural meaning. *Cf. Commonwealth ex rel. Walton v. Aytch,* 466 Pa. 172, 352 A.2d 4 (1976) (retrial barred where trial court improperly discharged a juror who was unsuccessful in hiring a baby-sitter for her children). The need of scheduling a job interview does not make a juror "unable" to serve and appellants are entitled to a new trial.

Furthermore, the conviction of murder of the first degree of appellant, Jerry, should be reversed and appellant, Jerry, discharged as to murder of the first degree. There is no evidence to support a finding of deliberate and premeditated killing. 18 Pa.C.S.A. § 2502(d). Use of a deadly weapon on a vital part of the body, standing alone, is not enough to support a finding of "premeditation." *Commonwealth v. O'Searo,* 466 Pa. 224, 241, 352 A.2d 30, 38 (1976) (Manderino, J., dissenting opinion).

ROBERTS, J., joins in this dissenting opinion.