421 A.2d 1066

**COMMONWEALTH of Pennsylvania**

v.

**Gary ROBINSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Oct. 31, 1980.

Robert A. Banks, Ambridge, for appellant.

John L. Brown, Jr., Asst. Dist. Atty., Beaver, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Petitioner Gary Robinson and his co–defendant, Bernard Jerry, were convicted of murder and robbery in the Court of Common Pleas of Beaver County following their participation in a supermarket holdup on February 13, 1977. Trial counsel for petitioner filed and argued numerous post–trial motions. On April 3, 1978 the Court of Common Pleas sentenced petitioner to life imprisonment; trial counsel filed an appeal to this Court on April 18, 1978, and we affirmed the conviction on May 1, 1979. *Commonwealth v. Robinson*, 485 Pa. 95, 401 A.2d 310 (1979).

Petitioner filed a petition pursuant to the Post–Conviction Hearing Act in the Court of Common Pleas on October 15, 1979. On March 4, 1980 the court held an evidentiary hearing on the issue of ineffective assistance of counsel. On April 28, 1980 the court dismissed the post–conviction petition, and this appeal followed.

The alleged ineffectiveness was that trial counsel failed to challenge a courtroom seating arrangement in which petitioner and his co–defendant were seated approximately eight to twelve feet from the counsel table and across the room from the jury box. Further, ineffectiveness is claimed because trial counsel did not object to the seating of deputies on either side of petitioner and his co–defendant, and to the practice of subjecting those entering the courtroom to a metal detector check for weapons.

The record indicates that an objection to security arrangements in the courtroom would have been fruitless, and therefore, failure to make such objections was not ineffective. Further, an examination of the record indicates that there was a reasonable basis for petitioner's counsel not objecting to the placement of petitioner's chair in the courtroom. Failure to object to the placement of the chair, was, therefore, not ineffective.

Judgments of sentence affirmed.