425 A.2d 451

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Rodney WILLIAMS.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed Jan. 23, 1981.

126

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Mary Willmann, Assistant Public Defender, Philadelphia, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Appellee was found guilty, after a non-jury trial, of simple assault [1] and robbery.[2] The trial court granted appellee's motion in arrest of judgment on the grounds that his constitutional right to a "speedy trial," as delineated by Pa.R.Crim.P. 1100,[3] was violated. The Commonwealth appeals, and we reverse.

■ The armed robbery with which appellee was charged was committed on August 31, 1976. Following is a chronology, taken from the record, of the events relevant to this appeal:

| | |
|---|---|
| 1 September 1976 | Appellee was arrested in Washington, D.C., on charges unrelated to the instant case. |
| 14 September 1976 | Detective Robert Groat, of the District of Columbia Metropolitan Police Department, informed the Philadelphia police, by telephone, that, on the basis of the evidence seized when appellee was arrested, he (Groat) suspected appellee's involvement with the Philadelphia robbery of 31 August. |
| 13 December 1977 | The Commonwealth of Pennsylvania formally requested custody of appellee under the Interstate Agreement on Detainers.[4] |

1. 18 Pa.C.S. § 2701.

2. 18 Pa.C.S. § 3701.

3. Pa.R.Crim.P. 1100(a)(2) provides:
   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

4. 19 P.S. §§ 1431–1438 (repealed). These sections were subsequently repealed and reenacted as 42 Pa.C.S. §§ 9101–9108, by the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1330], effective June 27, 1978. In this opinion, however, we shall cite title 19, because generally, an action is governed by procedural rules in effect at its commencement. *See Monroeville Land Co. v. Sonnenblick-Goldman Corp. of Western Pa.*, 247 Pa.Super. 61, 67, 371 A.2d 1326, 1329 (1977).

| | |
|---|---|
| 13 October 1976 | Appellee told Detective Groat that he had committed the Philadelphia robbery. |
| | The Philadelphia police informed the Philadelphia District Attorney's Office that appellee was in custody in Washington. Richard di Benedetto, in charge of the district attorney's Extradition Unit, telephoned Detective Groat and was told that appellee's trial (on charges arising from crimes committed in Washington) had not yet been scheduled. Detective Groat promised to advise Mr. di Benedetto as soon as the date was set. |
| 14 October 1976 | A criminal complaint was filed against appellee in Philadelphia, charging him with the above-mentioned robbery. |
| 13 December 1976 28 December 1976 and 21 April 1977 | Extradition Unit staff members telephoned the office of the United States Attorney for the District of Columbia and were advised that no date had yet been set for appellee's trial. |
| 4 May 1977 | Assistant U.S. Attorney Edward McGuire advised the District Attorney's office that: 1) appellee had been indicted in Washington on 9 February 1977; 2) since he had not yet been tried, Washington would not allow extradition to Pennsylvania; and 3) extradition would not have been permitted at any time since 1 September 1976 (the date of appellee's arrest in Washington). |
| 9 September 1977 | Assistant U.S. Attorney Richard Saltzman informed the District Attorney's office that appellee had pled guilty to the Washington charges on 25 August 1977, and that sentencing had been set for 26 September 1977. |
| 28 September 1977 | The District Attorney's office was informed that sentencing had been postponed to 5 December 1977 because of the commitment of appellee to the Lorton, Va., Youth Center for a sixty day evaluation period. |
| 5 December 1977 | Appellee was sentenced, in Washington, to an indeterminate term of imprisonment with a maximum of eight years. |

| | |
|---|---|
| 23 December 1977 | The appropriate executive authority in the District of Columbia advised Mr. di Benedetto by letter that the request for custody would be granted. |
| January 1978 | Delbert Jackson, Director of the Washington Department of Corrections, advised Mr. di Benedetto by letter that appellee had been transferred to the federal prison in Petersburg, Virginia, on 29 December 1977. Mr. di Benedetto then telephoned the Petersburg prison and confirmed that the Detainer Agreement forms had been forwarded there. Mr. di Benedetto then sent additional necessary forms to the Virginia prison. |
| 31 January 1978 | Appellee was returned to Pennsylvania. |
| 23 May 1978 | Appellee was tried and found guilty of the charges arising from the crimes of 31 August 1976. |

The Court below, Smith, J., denied appellee's pretrial petition, filed pursuant to Pa.R.Crim.P. 1100(f),[5] to dismiss the charges, but the trial court, Lord, J., arrested judgment, concluding that the Commonwealth had not diligently attempted to secure appellee's return to Pennsylvania.

Since Rule 1100 requires commencement of the trial of a criminal defendant within 180 days of filing a complaint against him, and since, in the case before us, appellee was tried more than nineteen months after the complaint's filing, his discharge from criminal liability must be sustained, unless the delay beyond the Rule's limit be justified by an order granting an extension of time, or unless sufficient time as would allow the conclusion that the trial began, in law, before the expiration of the mandated period be excluded, because of appellee's unavailability, from the calculation of the final day. See Commonwealth v. Davis, 261 Pa.Super.

5. Pa.R.Crim.P. 1100(f) provides, in part:
  At any time before trial, the defendant or his attorney may apply for an order dismissing the charges with prejudice on the ground that this Rule has been violated.

204, 209, 395 A.2d 1388, 1390 (1978). The Commonwealth, in the instant case, filed no petition to extend; they contend that appellee was unavailable for trial from 1 September 1976 to 31 January 1978. We agree.

Pa.R.Crim.P. 1100(d) provides, in relevant part:

In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant. . . .

When a criminal defendant is incarcerated in another jurisdiction, and the Commonwealth, notwithstanding its diligence in attempting to do so, cannot secure his return, we may conclude that the defendant has been unavailable. "[T]he Commonwealth has the burden of proving the requisites of Section (d) in order to avail itself of an exclusion and must do so by a preponderance of the evidence. [Citation omitted.] Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence as presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Mitchell,* 472 Pa. 553, 564, 372 A.2d 826, 831 (1977); *see Commonwealth v. Davis, supra,* 261 Pa.Super. at 209–10, 395 A.2d at 1390.

It has been held that

[m]ere incarceration in another jurisdiction does not make defendant unavailable. Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth. *Commonwealth v. Richbough,* 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977). "There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere. . . ." *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 224, 363 A.2d 1239, 1241 (1976).

*Commonwealth v. Bass*, 260 Pa.Super. 62, 66, 393 A.2d 1012, 1014–15 (1978).

The record of the instant case, as represented in the above chronology, shows that the Commonwealth's efforts to try appellee met the applicable legal standards. Appellee, having fled this jurisdiction, was apprehended elsewhere on the day following his crime here and jailed. There were then, between that date and the day the Commonwealth made formal application for custody of appellee, eight communications between authorities in Philadelphia and the District of Columbia concerning appellee. The Commonwealth requested custody of appellee immediately upon being informed of his sentencing. Appellee was returned to Pennsylvania shortly thereafter, and tried in due course. This situation may thus be distinguished from those obtaining in *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977), where the Commonwealth inexplicably waited six months before seeking custody of the defendant, and in *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976), where the Commonwealth did not avail itself of the Interstate Detainer Act.

The lower court's criticism of the Commonwealth for not applying for custody of appellee under the Interstate Detainer Act as soon as it was known that he was in jail in Washington is unfounded, because it is clear that the Act applies only to sentenced prisoners. *See* 19 P.S. § 1431 Art. III ¶ (a) (repealed). The record of this case shows also that the Commonwealth was not derelict in declining to proceed under the Uniform Criminal Extradition Act (UCEA).[6] The UCEA does not require the return of any prisoner upon demand[7] but merely allows the respective executive authorities of the two states[8] concerned to agree that such a person

---

6. 19 P.S. §§ 191.1–191.31 (repealed), reënacted, by JARA, as 42 Pa.C.S. §§ 9121–9148 and 1 Pa.C.S. §§ 1925 and 1927. We shall cite title 19 herein. *See* note 4 *supra*.

7. *See* 19 P.S. § 191.5 (repealed).

8. As defined in the UCEA, "state" includes the District of Columbia. *See* 19 P.S. § 191.1 (repealed).

might be returned under certain conditions.[9] The United States Attorney's communication of 4 May 1977, advising the District Attorney that Washington would not permit appellee's extradition to Pennsylvania until he had been sentenced, and that, for that reason, any request for custody made before 4 May would not have been honored, indicates that initiation of procedures under the UCEA would have been futile.

The facts of this case are quite similar to those of *Commonwealth v. Emmett*, 274 Pa.Super. 23, 417 A.2d 1232 (1979). In that case, the defendants committed crimes in Pennsylvania, and were later arrested in connection with other crimes in Maryland. This court affirmed the trial court's exclusion, from the Rule 1100 period, of the time between the arrest in Maryland and sentencing on the Maryland charges on the basis of a record showing five communications between appropriate authorities in the two jurisdictions, most of which contacts having been to the effect that Maryland would not allow removal of the defendants to Pennsylvania until they had been sentenced.

Although the issue in *Commonwealth v. Hinton*, 269 Pa. Super. 43, 409 A.2d 54 (1979), was whether the defendant could have been arrested sooner than he was, the substance of the following statement of this court in that case is not limited to arrests, and may be applied to the matter at hand:

> [T]he test is *not* a venture into hindsight reasoning as to whether, if certain individuals had been contacted, or other things done, an arrest would probably have been made. The matters of availability and due diligence must be judged by what *was* done by the authorities rather than [by] what was not done. The standard of due diligence demands only reasonable efforts.

*Id.*, 269 Pa.Super. at 50, 409 A.2d at 57–58 (emphasis in original). We think that it is abundantly clear that the Commonwealth did use such reasonable efforts.

9. *See* 19 P.S. § 191.1 (repealed).

The order of the court below is reversed; the judgment is reinstated; and the cause is remanded for imposition of sentence.