J-S40039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY J. ROBINSON, | : | |
| | : | |
| Appellant | : | No. 324 WDA 2015 |

Appeal from the PCRA Order Entered February 4, 2015
in the Court of Common Pleas of Beaver County,
Criminal Division, at No(s): CP-04-CR-0000199-1977

BEFORE:    FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 09, 2015**

Gary J. Robinson (Appellant) appeals from the February 4, 2015 order which dismissed his petition for writ of *habeas corpus* as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 1977, following a jury trial with co-defendant Bernard Jerry, Appellant was convicted of, *inter alia*, second-degree murder for which he was given a sentence of life imprisonment.  His judgment of sentence was affirmed on direct appeal.  ***Commonwealth v. Jerry***, 401 A.2d 310, 311 (Pa. 1979).  Appellant's numerous post-conviction petitions filed between 1979 and 2014 resulted in no relief.

On January 14, 2015, Appellant filed a petition for writ of *habeas corpus*.  The trial court treated Appellant's filing as a PCRA petition and

*Retired Senior Judge assigned to the Superior Court.

determined that it was untimely filed. The trial court thus dismissed the petition without a hearing, and Appellant timely filed a notice of appeal.

We begin our review by noting the relevant legal principles. "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*). Our Supreme Court has explained that "the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007) (holding *habeas corpus*, not the PCRA, "was available to adjudicate whether defendant Judge's deportation from Canada to face the death penalty in Pennsylvania… violated his rights under the International Covenant for Civil and Political Rights").

Appellant in his petition alleged that the Commonwealth failed to offer sufficient evidence of Appellant's guilt. Petition for Writ of Habeas Corpus, 1/14/2015, at 3. He also argued that a miscarriage of justice occurred when the trial court failed to sever his trial from that of his co-defendant as was required by a since-repealed statute.[1] Appellant argues that because "miscarriage of justice" is not a cognizable claim under the PCRA, he properly petitioned for a writ of *habeas corpus*. *Id.* at 2.

The trial court determined that because "these claims could have been raised in a timely PCRA [p]etition, [Appellant] is not entitled to *habeas corpus* relief." Trial Court Opinion, 1/16/2015, at 3. The trial court proceeded to consider Appellant's filing as a PCRA petition, and held that it was untimely filed. *Id*. Because Appellant failed to plead a timeliness exception, the trial court dismissed the PCRA petition.

---

[1] That statute, found at 19 P.S. § 785, provided as follows:

> In all cases in which two or more persons are jointly indicted for any offense, it shall be in the discretion of the court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials; and in all cases of joint trials, the accused shall have the right to the same number of peremptory challenges to which either would be entitled if separately tried, and no more.

*Commonwealth v. Suggs*, 432 A.2d 1042, 1048 (Pa. Super. 1981) (quoting 19 P.S. § 785). The statute was repealed in 1978, shortly after Appellant was sentenced. *Id.* at 1048 n.2.

- 3 -

It is not clear whether Appellant's petition is cognizable under the PCRA. On the one hand, Appellant raises claims which are consistent with the PCRA, in that he maintains his innocence and states claims which challenge the truth-determining process and the underlying adjudication of guilt. *Cf. Judge*, 916 A.2d at 520 (applying *habeas corpus* law instead of the PCRA where Judge's claim had "no connection to the truth-determining process and [did] not render the underlying adjudication of guilt or innocence… unreliable"); *West*, 938 A.2d at 1044 (determining that *habeas corpus*, rather than the PCRA, is the appropriate vehicle for a claim that "does not implicate the truth determining process underlying his conviction and sentence, nor does it implicate the legality of the sentence imposed").

On the other hand, our Supreme Court has held that claims of due process violations and other trial court error which could have been raised on direct appeal but were not were "beyond the power of this Court to review under the express terms of the PCRA." *Commonwealth v. Abdul-Salaam*, 808 A.2d 558, 560 (Pa. 2001).

What is clear is that Appellant cannot prevail under either the PCRA or *habeas corpus*. If the PCRA applies, his petition is untimely-filed with no timeliness exception alleged. *See, e.g., Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this

- 4 -

Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."); ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) ("[T]he statute confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.") (internal quotation omitted).

Appellant's claims also are ineligible for *habeas corpus* relief. "It is well settled that the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion for a new trial, nor is it available for the correction of trial errors." ***Com. ex rel. Williams v. Myers***, 162 A.2d 419, 420 (Pa. Super. 1960). ***See also Com. ex rel. Ashmon v. Banmiller***, 137 A.2d 236, 238 (Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial."); ***Com. ex rel. Bey v. Myers***, 152 A.2d 921, 922 (Pa. Super. 1959). ("The sufficiency of the evidence, and any trial errors which could have been considered and corrected on appeal are not remediable or the subject of relief by *habeas corpus*."). Appellant could have raised his sufficiency and severance claims on direct appeal, but failed to do so. Accordingly, Appellant's claims are not subject to *habeas corpus* relief.

Thus, the trial court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015