786 A.2d 173

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**William E. DAVIS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 30, 2001.

Decided Dec. 18, 2001.

Edward Michael Marsico, Francis T. Chardo, Jospeh M. Sembrot, Harrisburg, for Commonwealth of PA.

Dale Elise Lemberger, Dale E. Klein, for William E. Davis.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION

NEWMAN, Justice.

The Commonwealth of Pennsylvania (Commonwealth) appeals the Order of the Superior Court, which affirmed an Order of the Court of Common Pleas of Dauphin County (trial court) granting the Motion to Dismiss filed by William E. Davis (Appellee) pursuant to the Interstate Agreement on

Detainers, 42 Pa.C.S.A. § 9101, et seq. Because we hold that the Interstate Agreement on Detainers does not apply in this case, we reverse.

## BACKGROUND

On July 29, 1998, Derry Township police officers arrested Appellee prior to a concert at Hersheypark Stadium. The officers charged Appellee with unlawful delivery of a non-controlled substance and possession with intent to deliver a non-controlled substance. The officers observed Appellee attempting to sell a counterfeit substance to another person attending the concert. After his arrest, officers discovered that Appellee possessed other non-controlled substances packaged for distribution.

Appellee waived his right to a preliminary hearing and appeared for his trial date, originally scheduled for the November 16, 1998 criminal court term. The case was not called until the January 13, 1999 court term. Appellee failed to appear for his January court date and a *capias*[1] was issued for his arrest. Appellee was in Buffalo, New York, where he was serving a term of imprisonment resulting from charges arising in New York. Appellee was incarcerated in New York from February 3, 1999, to March 13, 1999. On February 12, 1999, while Appellee served his sentence in New York, the Commonwealth lodged a detainer against him. On March 5, 1999, eight days before his release from prison in New York, Appellee agreed to waive his extradition and return to Pennsylvania. The Commonwealth obtained custody of Appellee on March 13, 1999, and placed him in Dauphin County Prison on March 15, 1999.

On August 2, 1999, Appellee filed a Motion to Dismiss pursuant to the Interstate Agreement on Detainers Act (IAD), 42 Pa.C.S.A. §§ 9101–9108, alleging that the Commonwealth failed to bring him to trial within 120 days following his return to the custody of the Commonwealth. On that day, the trial

1. "Capias" is Latin for "that you take" and is the general name for several species of writs that require an officer to take a named defendant into custody. Black's Law Dictionary 199 (7th ed.1999).

court conducted an evidentiary hearing and subsequently granted Appellee's motion. The Commonwealth appealed to the Superior Court.

The Superior Court affirmed the decision of the trial court. *Commonwealth v. Davis*, 757 A.2d 959 (Pa.Super.2000). In determining that the Commonwealth obtained custody of Appellee via the IAD, the Superior Court focused on the fact that a detainer was lodged against Appellee while he was incarcerated. *Id.* at 961. The Superior Court concluded that the mere filing of a detainer was sufficient to trigger the Commonwealth's obligation pursuant to Art. IV of the IAD, 42 Pa.C.S. § 9101 to bring Appellee to trial within 120 days. Since Appellee was not called for trial within 120 days of his return to the custody of the Commonwealth, and the Commonwealth did not offer good cause regarding why Appellee was not brought to trial within this time, the Superior Court concluded that the trial court properly granted Appellee's motion to dismiss.

## DISCUSSION

Appellee contends that the IAD provides a mechanism that allows a sentenced prisoner located in the sending state to be brought to the receiving state to face outstanding charges in that state. According to Appellee, the Commonwealth lodged a *capias* "as a detainer" against Appellee, while he was serving his sentence in Buffalo, New York. Appellee contends that such an act invokes Article IV of the IAD, and the Commonwealth had 120 days to bring Appellee to trial. Appellee further argues the fact that he completed his sentence in New York before being returned to Pennsylvania does not preclude the application of the IAD.

As we have previously detailed:

The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged

a detainer against a prisoner. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

*Commonwealth v. Montione*, 554 Pa. 121, 720 A.2d 738, 740 (1998) (citations omitted).[2]

■ Article IV of the IAD provides the procedure by which the prosecutor in the requesting State initiates the transfer:

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated. . . . .

\* \* \*

(c) In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. . . . .

42 Pa.C.S.A. § 9101, Article IV(a), (c). If the requesting State returns the prisoner to the sending state without having tried him, or should the 120 days pass without a trial, all charges against the prisoner will be dismissed with prejudice, absent good cause shown. *See* 42 Pa.C.S.A. § 9101, Article IV;

---

**2.** In contrast, the Uniform Criminal Extradition Act, codified in Pennsylvania at 42 Pa.C.S.A. § 9121, et seq., has been adopted by 48 states, Puerto Rico, and the Virgin Islands. The Act, like the IAD, establishes procedures for the interstate transfer of persons against whom criminal charges are outstanding. Unlike the IAD, the Extradition Act applies to persons at liberty as well as to incarcerated prisoners serving a sentence. *Cuyler v. Adams*, 449 U.S. 433 n. 1, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981).

*Commonwealth v. Merlo,* 242 Pa.Super. 517, 364 A.2d 391 (1976).

■ In this case, neither Appellee nor the Commonwealth invoked the provisions of the IAD. Article III of the IAD allows a prisoner against whom a detainer has been lodged to request that he or she be transferred to the jurisdiction that filed the detainer and be brought to trial within 180 days of his or her request. 42 Pa.C.S. § 9101, Article III. Appellee never made such a request and, accordingly, never triggered the 180 day period of Article III. Moreover, contrary to the conclusion of both the trial court and the Superior Court, the Commonwealth never triggered the 120 day period of Article IV. The error of both the trial court and the Superior Court was their determination that the lodging of a detainer against Appellee implicated Article IV of the IAD. The clear language of Article IV indicates otherwise: "[t]he appropriate officer .... shall be entitled to have a prisoner against whom he *has lodged a detainer* .... made available .... *upon presentation of a written request* for temporary custody or availability. ...." 42 Pa.C.S. § 9101, Article IV(a) (emphasis added). By its terms, Article IV of the IAD requires: (1) an already lodged detainer, and (2) a subsequent written request for temporary custody or availability. The record contains nothing to show that the Commonwealth made a written request for the temporary custody or availability of Appellee subsequent to filing a detainer against him. Accordingly, the Commonwealth never triggered the 120 day period of Article IV of the IAD.

We reverse the Order of the Superior Court and remand to the Court of Common Pleas of Dauphin County for proceedings consistent with this Opinion.