J-S62025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER MICHAEL STANFORD | |
| Appellant | No. 527 WDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
in the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000833-2014

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 03, 2015**

Appellant Christopher Michael Stanford appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his jury trial convictions for rape of a child,[1] statutory sexual assault,[2] involuntary deviate sexual intercourse with a child,[3] aggravated indecent assault – complainant less than 13 years old,[4] aggravated indecent assault –

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3122.1(b).

[3] 18 Pa.C.S. § 3123(b).

[4] 18 Pa.C.S. § 3125(a)(7).

complainant less than 16 years old,[5] endangering the welfare of children,[6] and corruption of minors.[7]  After careful review, we affirm.

After meeting the victim's mother on-line, Appellant lived with the victim, her brother, and her mother for a number of years.  Appellant began sexually assaulting the victim when she was five years old.  The assaults continued until the victim was approximately ten years old.  Not knowing Appellant's behavior was wrong, the victim did not report the assaults until years after the abuse had ceased.

On October 23, 2014, a jury convicted Appellant as discussed **supra**. On February 18, 2015, the trial court sentenced Appellant to an aggregate sentence of 288 to 376 months' incarceration.  On February 24, 2015, the trial court filed an amended sentencing order amending the sentence to reflect an aggregate maximum incarceration period of 576 months. Appellant filed a post-sentence motion on February 26, 2015, which the trial court denied on March 2, 2015.  Appellant filed a timely notice of appeal on March 27, 2015.   Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues for our review:

---

[5] 18 Pa.C.S. § 3125(a)(8).

[6] 18 Pa.C.S. § 4304(a).

[7] 18 Pa.C.S. § 6301(a)(1)(ii).

1.  Did the [c]ourt err when it determined that [Appellant] was not entitled to a dismissal of the complaint by virtue of 42 Pa.C.S.[] § 9101[?]

2.  Did the [c]ourt err when it denied defense counsel the opportunity to fully examine the complaining witness regarding her prompt complaint of the alleged sexual predations?

***

4.  Did the [c]ourt inappropriately deny the defense the jury instruction of prompt complaint?

Appellant's Brief, p. 6.[8]

Appellant first claims the trial court erred by denying his "Motion to Dismiss Charges in Violation of 42 Pa.C.S.A. § 9101, Article IV (Interstate Agreement on Detainers)". **See** Appellant's Brief, pp. 9-12. Appellant asserts that the Commonwealth's lodging of a detainer triggered Article IV of the Interstate Agreement on Detainers ("IAD"), which then required the Commonwealth to bring him to trial within 120 days. **Id.** In essence, Appellant argues the Commonwealth failed to bring him to trial within the 120-day speedy trial limit set forth in Article IV of the IAD. We do not agree.

_____

[8] Appellant's Statement of the Questions Involved in this Appeal also raises another claim:

3.  Did the [c]ourt inappropriately allow[] testimony regarding alleged sexual predations that were outside the range of the criminal information?

Appellant's Brief, p. 6. Appellant concedes that this claim lacks merit. **See** Appellant's Brief, p. 13. Accordingly, we do not discuss it herein.

When evaluating speedy trial issues, our standard of review is whether the trial court abused its discretion. ***Commonwealth v. Booze***, 953 A.2d 1263, 1272 (Pa.Super.2008). Our Supreme Court defines "abuse of discretion" as follows:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.

***Commonwealth v. Chambers***, 685 A.2d 96, 104 (Pa.1996), *cert. denied*, 522 U.S. 827 (1997).

> Our Supreme Court has described the IAD as follows:
>
> The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

***Commonwealth v. Leak***, 22 A.3d 1036, 1039-40 (Pa.Super.2011) *(quoting* ***Commonwealth v. Davis***, 786 A.2d 173, 175 (Pa.2001)).

IAD Article IV sets forth the protocol by which the requesting state initiates temporary transfer of a prisoner and provides, in relevant part, as follows:

**ARTICLE IV**

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: Provided, That the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request: And provided further, That there shall be a period of 30 days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

*****

(c) In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

42 Pa.C.S. § 9101, Article IV(a), (c).  Article VI discusses the calculation of the IAD 120-day time limit:

(a) In determining the duration and expiration dates of the time period provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

42 Pa.C.S. § 9101, Article VI(a).

Our Supreme Court has held that "Article IV of the IAD is not triggered unless the Commonwealth files a detainer against an individual *and then*

files a request for custody of that individual." *See Leak*, 22 A.3d at 1040 (2011) (*citing Davis*, 786 A.2d at 176) (emphasis in original). In *Davis,* the Commonwealth filed a detainer but did not file a request for custody of the defendant. *Davis*, 786 A.2d at 176. Instead, the Commonwealth simply intended to assume custody of the defendant upon the expiration of the defendant's out-of-state sentence. *Id.* Under these circumstances, our Supreme Court found the Commonwealth did not invoke IAD Article IV and was not subject to the 120-day requirement. *Id.*; *see also Leak*, 22 A.3d at 1040.

Here, the Commonwealth filed a detainer while Appellant was in federal custody. As in *Davis*, the Commonwealth did not file a request for custody; rather, it assumed custody of Appellant upon the expiration of his federal custody. Accordingly, the Commonwealth never triggered IAD Article IV and was not bound by its 120-day time limitation. *See Leak*, *Davis*, *supra*. The trial court did not abuse its discretion in denying Appellant's motion to dismiss based on IAD Article IV. Thus, Appellant's first claim fails.

Next, Appellant claims the trial court erred by denying him the opportunity to fully examine the victim regarding her failure to promptly report the sexual assaults to her school counselor. *See* Appellant's Brief, pp. 12-13. This claim lacks merit.

Appellant's claim alleges the trial court sustained a Commonwealth objection to a question from defense counsel on cross-examination of the victim about whether she had divulged her allegations to a school counselor.

*See* Appellant's Brief, pp. 12-13; N.T. 10/21/2014, pp. 90-94. This is incorrect. A review of the transcript reveals that defense counsel broadly asked the victim to discuss the "kind of things" she confided to her school counselor. N.T. 10/21/2014, p. 91. The Commonwealth objected, and a sidebar discussion ensued at which defense counsel agreed that his question was open-ended and overly broad. *Id.* at 91-93. As a result, defense counsel withdrew the question. *Id.* at 93. Following the sidebar discussion, defense counsel rephrased the question to the more specific question of whether the victim had ever disclosed her allegations of sexual assault to her school counselor. *Id.* at 94. The Commonwealth did not object to the more precise inquiry, and the victim answered. *Id.* Accordingly, notwithstanding Appellant's complaint to the contrary, the trial court did not preclude defense counsel's prompt complaint line of questioning by sustaining the Commonwealth's objection.[9]

Finally, Appellant claims the trial court erred in refusing to give the jury the prompt complaint instruction found at Section 4.13A of the

_____

[9] Further, we note that defense counsel successfully cross-examined the victim on her lack of prompt disclosure not only to her school counselor, but also to her parents, her grandparents, Appellant's son, Appellant's mother, and her teachers. N.T. 10/21/2014, pp. 94, 101.

J-S62025-15

Pennsylvania Suggested Standard Criminal Jury Instructions.[10]   **See**
Appellant's Brief, pp. 13-15.  This claim also lacks merit.

We review jury instructions with deference to the trial court and may
only reverse the lower court where it abused its discretion or committed an

_____

[10]  Pennsylvania Suggested Standard Criminal Jury Instruction 4.13A
provides:

**FAILURE TO MAKE PROMPT COMPLAINT IN CERTAIN
SEXUAL OFFENSES**

1.   Before you may find the defendant guilty of the crime
charged in this case, you must be convinced beyond a
reasonable doubt that the act charged did in fact occur and that
it occurred without *[name of victim]*'s consent.

2.  The evidence of *[name of victim]*'s [failure to complain]
[delay in making a complaint] does not necessarily make [his]
[her] testimony unreliable, but may remove from it the
assurance of reliability accompanying the prompt complaint or
outcry that the victim of a crime such as this would ordinarily be
expected to make.  Therefore, the [failure to complain] [delay in
making a complaint] should be considered in evaluating [his]
[her] testimony and in deciding whether the act occurred [at all]
[with or without [his] [her] consent].

3.   You must not consider *[name of victim]*'s [failure to
make] [delay in making] a complaint as conclusive evidence that
the act did not occur or that it did not occur but with [his] [her]
consent.   *[name of victim]*'s failure to complain [at all]
[promptly] [and the nature of any explanation for that failure]
are factors bearing on the believability of [his] [her] testimony
and must be considered by you in light of all the evidence in the
case.

PSSJI (Crim) § 4.13A.

- 8 -

error of law. *Commonwealth v. Hornberger*, 74 A.3d 279, 282

(Pa.Super.2013).  As this Court has explained:

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case.  A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue.  A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error.  Consequently, the trial court has wide discretion in fashioning jury instructions.  The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa.Super.2013) (*quoting*

*Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa.Super.2006)); *see*

*also Hornberger*, 74 A.3d at 283 ("[W]hen reviewing jury instructions for

error, the charge must be read as a whole to determine whether it was fair

or prejudicial.   The trial court has broad discretion in phrasing its

instructions, and may choose its own wording so long as the law is clearly,

adequately, and accurately presented to the jury for its consideration.").

As to the prompt complaint instruction, this Court has explained:

> The premise for the prompt complaint instruction is that a victim of a sexual assault would reveal at the first available opportunity that an assault occurred.  The instruction permits a jury to call into question a complainant's credibility when he or she did not complain at the first available opportunity.  However, there is no

policy in our jurisprudence that the instruction be given in every case.

The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim. For instance, where an assault is of such a nature that the minor victim may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication.

*Sandusky*, 77 A.3d at 667 (internal citations and quotations omitted). "For example, where the victim of a sexual assault is a minor who may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication. This is especially true where the perpetrator is one with authority or custodial control over the victim." *Thomas*, 904 A.2d at 970 (internal citations and quotations omitted).

This matter involved a child victim who was five years old when the abuse began, ten years old when it ceased, and fifteen years old at the time of trial. At trial, the victim testified repeatedly she did not know Appellant's actions were wrong at the time of the abuse, and that Appellant told her not to tell. Her testimony also established that, during the period of abuse, Appellant was her mother's live-in boyfriend. Accordingly, Appellant was in a position of confidence over a minor victim who did not appreciate the

offensive nature of the contact. The trial court did not abuse its discretion or err in not instructing the jury on prompt complaint.[11]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2015

---

[11] We note the trial court included in its instructions Pennsylvania Suggested Standard Criminal Jury Instruction § 4.17 – Credibility of Witnesses.