J-S58020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERNARD JERRY | : | |
| | : | |
| Appellant | : | No. 389 WDA 2019 |

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000196-1977,
CP-04-CR-0000197-1977, CP-04-CR-0000317-1977

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: FILED JANUARY 7, 2020

Appellant, Bernard Jerry, appeals pro se from the post-conviction court's

February 26, 2019 order, dismissing his petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court set forth the factual and procedural history of this case

as follows:

> On August 16, 1977, [Appellant] was convicted of, inter alia, first
> degree murder, robbery, aggravated assault, and related offenses
> associated with the robbery of a grocery store and the shooting of
> the store clerk. On April 12, 1978, [Appellant] was sentenced to
> an aggregate sentence of life imprisonment. After being
> remanded for a determination with regard to claims of ineffective
> assistance of counsel, [Appellant's] conviction was affirmed by the
> Supreme Court of Pennsylvania. Commonwealth v. Jerry, 401
> A.2d 310 (Pa. 1979); Commonwealth v. Jerry, 441 A.2d 1210
> (Pa. 1982). Since that time, [Appellant] has filed a string of
> meritless and untimely PCRA petitions. [See e].g.,
> Commonwealth v. Jerry, No. 848 WDA 2013 (Feb. 21, 2014)
> (memorandum) (affirming denial of [Appellant's] thirteenth PCRA

[p]etition because [Appellant's] twelfth petition was still pending at the time it was filed).[1]

> [1] [Appellant] has also pursued, and been denied, federal habeas relief.

On December 18, 2018, [Appellant] filed[, pro se,] a new Motion for Post Conviction Collateral relief (hereinafter, "PCRA Petition"). On December 21, 2018, [Appellant] then filed a document advising the Clerk of Courts to disregard this Petition because [Appellant] would file a new one. [Appellant] then filed another PCRA Petition on December 31, 2018. [Appellant] claims that a waiver of counsel colloquy conducted approximately forty years ago after the case was remanded by [the Pennsylvania] Supreme Court was defective. On January 23, 2019, the [c]ourt entered an [o]rder and [p]reliminary [n]otice, notifying [Appellant] of the [c]ourt's intention to dismiss the PCRA Petition based upon its evident untimeliness and because the matter raised has been previously litigated and/or waived. [Appellant] filed a written response on February 13, 2019. On February 26, 2019, the [c]ourt entered an [o]rder dismissing [Appellant's] Petition.

[Appellant] filed a [n]otice of [a]ppeal[, pro se,] on March 6, 2019. The [c]ourt then entered an [o]rder directing [Appellant] to file a concise statement pursuant to Pa.R.A.P. 1925(b). [Appellant] failed to file a concise statement as directed, however.[1]

PCRA Court Opinion (PCO), 4/15/2019, at 1-2.

Before reaching Appellant's issues, we address whether he has waived them by failing to file a timely Rule 1925(b) statement. On March 12, 2019, the PCRA court entered an order directing Appellant to file a Rule 1925(b) statement within 21 days. When Appellant made no such filing, the PCRA court issued its Rule 1925(a) opinion on April 15, 2019, noting that Appellant did not comply with its Rule 1925(b) order and suggesting that Appellant's

_____

[1] Appellant eventually filed a Rule 1925(b) statement, but it was untimely.

issues were therefore not preserved. Thereafter, on April 25, 2019, Appellant filed his Rule 1925(b) statement.

Although Appellant failed to file a timely Rule 1925(b) statement, his issues are not waived. Problematically, the PCRA court's Rule 1925(b) order did not advise him that any issue(s) not raised in a timely-filed and served statement would be deemed waived. See Order, 3/12/2019; see also Pa.R.A.P. 1925(b)(3)(iv) ("The judge's order directing the filing and service of a Statement shall specify … that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived."). Consequently, we do not consider Appellant's issues waived because of his late filing. See Greater Erie Indus. Develop. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 225 (Pa. Super. 2014) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order.") (citations omitted).

We therefore proceed to Appellant's issues. He raises the following questions on appeal:

> I. Whether it is newly discovered evidence that Judge Reed erred at the 1979 remand hearing because the court never discussed Pa.R.Crim.P. 121 with Appellant and it was [an] incomplete, defective, and unconstitutional colloquy and Appellant did not knowingly and intelligently waive his right to effective assistance of counsel?
>
> II. Whether it is newly discovered evidence that Attorney Rabik and[/]or John Walker were ineffective for failing to raise all issues

- 3 -

in Appellant's 60(b)(6) and for failing to object where Judge Reed erred at the 1979 remand hearing when the judge never discussed Pa.R.Crim.P. 121, 302(b), 318(a) and (c)[,] and it was an incomplete, defective, and unconstitutional colloquy and Appellant did not knowingly, intelligently, and involuntarily [sic] waive his right to effective assistance of counsel?

III. Whether it is newly discovered evidence that Appellant's right to counsel was constructively denied by Judge Reed and Remand Counsel Rabik?

Appellant's Brief at ii-iii (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> (b) Time for filing petition.--
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

- 4 -

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

In the case sub judice, Appellant's judgment of sentence became final in 1982, when the United States Supreme Court denied his petition for writ of certiorari. Commonwealth v. Jerry, 459 U.S. 845 (1982). Consequently, his present petition, filed in 2018, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

At the outset, we observe that Appellant's brief is undeveloped and difficult to understand. He appears to assert that his claims satisfy the newly-discovered-facts exception because he recently learned from a federal district

_____

[2] This version of section 9545(b)(2) became effective on December 24, 2018. The prior version of this section mandated that a petition be filed within sixty days of the date the claim could have been presented.

court opinion, an affidavit from Anthony Harper, and a newsletter by Cheryl J. Sturm that his waiver of counsel colloquy was inadequately conducted in 1979. Troublingly, Appellant does not clearly articulate what new information the federal district court opinion contains and its significance, who Anthony Harper is, and what the referenced newsletter states. [3,4] Accordingly, his claims are waived for not being factually developed. See Commonwealth v. B.D.G., 959 A.2d 362, 371-72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument..., the issue is waived.") (citation omitted); see also Pa.R.A.P. 2119(a).

Nevertheless, even if not waived for lack of development, we would determine that Appellant does not meet the newly-discovered-facts timeliness exception. "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been

_____

[3] Specifically, the portion of the federal district court opinion that Appellant cites to sets forth that Appellant "chose to represent himself in the initial collateral proceeding and he exhaustively raised his claims of ineffective assistance of counsel." Appellant's Brief at 1. It is unclear to us how this fact was unknown to Appellant.

[4] Mr. Harper's affidavit baldly states that, on approximately December 16, 2018, he gave Appellant "Cheryl J. Sturm's December[] 2018 newsletter because [Mr. Harper] read 4 pages of [Appellant's] 1979 remand hearing transcripts and instantly concluded that [Appellant] did not properly waive his right to counsel, and told him so, which he did not know." See Exhibit 3 to Appellant's Brief. Appellant does not explain what the newsletter discussed. Furthermore, our review of the record does not indicate that Appellant filed this affidavit with the post-conviction court.

ascertained by the exercise of due diligence." Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017). Here, Appellant's arguments ostensibly hinge not on facts, but on his discovery of law that was previously unknown to him, which purportedly shows that his waiver of counsel colloquy was improper. See Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011) ("[A]n in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact."). As the post-conviction court discerned, "[t]he factual basis for [Appellant's] claim occurred approximately forty years ago and in [Appellant's] presence. The claim [Appellant] raises, that the [c]ourt gave an inadequate colloquy, is therefore not a newly discovered fact...." PCO at 5. Further, Appellant does not establish — let alone address — why the purported inadequacy of his waiver of counsel colloquy in 1979 could not have been ascertained earlier by the exercise of due diligence. Consequently, Appellant has not satisfied the newly-discovered-facts exception, and the post-conviction court properly denied his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2020