J-A14008-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :              PENNSYLVANIA
                        :
           v.                :
                        :
                        :
MARK JOSEPH DWAILEEBE        :
                        :
        Appellant      :   No. 1413 WDA 2019

Appeal from the Judgment of Sentence Entered August 26, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000340-2015

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:           FILED SEPTEMBER 29, 2020

Appellant, Mark Joseph Dwaileebe, appeals from the judgment of sentence entered on August 26, 2019, in the McKean County Court of Common Pleas. We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] entered a valid guilty plea on September 3, 2015, to Count 2 of the Information, Possession of Drug Paraphernalia.[1] See Plea Tr. 9-3-2015, Pages 1-18. The factual basis for the plea was: "on or about July 13, 2014, [Appellant] did possess with intent to use several syringes, a spoon with residue, a pill crusher, cotton swabs and two rubber tourniquets for introducing a controlled substance into the human body." Plea Tr. 9-3-2015, Page 14. The court advised [Appellant], in open court: "We will set sentence for October 8th (2015) at 1:00 p.m., and we will order a Prior Criminal Record Check. So we will see you back here sir on October 8th." Plea Tr. 9-3-2015, Page 77.

_____

[1] 35 P.S. § 780-113(a)(32).

However, the court did not see [Appellant] back on October 8, 2019. At the time scheduled for sentence [Appellant] did not appear. Sentence Tr. 10-8-2015, Pag[e]s 3-4. When [Appellant's] case was called his Attorney at that time, Douglas Garber, Esquire, Chief McKean County Public Defender, advised the court:

> [Appellant] is not here. We had received a call this morning from an individual who said … '[Appellant] had been living with him and that [Appellant] was no longer living with him' but this individual informed us that [Appellant's] mother called the individual and said that '[Appellant] is in jail somewhere in New York State.' He didn't tell us where[;] we are trying to find out more information[,] but the bottom line [is Appellant] is not here today.

Sentence Tr. 10-8-2015, Pages 3-4. The court then issued a bench warrant for the arrest of [Appellant] for failure to appear for sentencing. Sentence Tr. 10-8-2015, Page 4. Attorney Garber did not provide any additional information at any later date to the court or the District Attorney's Office regarding [Appellant's] whereabouts / location.

Chief Public Defender Garber retired and Chief Public Defender Attorney Philip Clabaugh thereafter represented [Appellant]. Sentencing was scheduled a second time for January 17, 2019. [Appellant] did not appear. Attorney Clabaugh advised the court that [Appellant] was supposed to be released from [jail in] New York no later than December 8, 2018; and, "now the notice that we sent him did get kicked back, said he was no longer there. I haven't had any contact other than through letter to him to know --;" and "All I can tell you is I have the notice that we sent to the last facility that he was in, and it was returned to us, so he did not get this one." 1-17-2019, Sentencing Tr. Pages 2-3.

Sentenc[ing] was rescheduled to April 25, 2019. [Appellant] again did not appear. Attorney Clabaugh indicated that [Appellant] "was sending me mail from jail." Sentence Tr. 4-25-2019, page 4. He also explained: "[Appellant] maxed out his sentence in New York State on December 8th of [20]18. The only address we have has been returned to us he was no longer in the facility by the time we sent him his last notice. All the phone numbers we have are no longer active numbers for him." Sentence Tr. 4-25-2019, page 4. The court indicated that

[Appellant] had sent a confusing letter to the court complaining about having to make payments. Sentence Tr. 4-25-2019, page 4.

Attorney Clabaugh had filed a Motion to Dismiss prior to the April 25, 2019, scheduled sentencing. Attorney Clabaugh asserted in the Motion that the case should be dismissed due to delay in sentencing. [Appellant] did not appear for the hearing on February 20, 2018, to address the Motion to Dismiss. At the time of the hearing there was no dispute that [Appellant] was incarcerated in the Fishkill Correctional Facility in the State of New York. 2-20-2018 Hearing Tr. Page 4. Assistant District Attorney Ashley Shade indicated, and the court accepted, that the Commonwealth had contacted New York authorities to arrange to have [Appellant] returned to McKean County for sentencing. However, they (New York correctional authorities) advised the Commonwealth that, because he had already entered a guilty plea in McKean County, they refused to turn him over until after he was released in New York. 2-20-2018 Hearing Tr. Page 12. In addition, she asserted (and the court accepted as accurate) that the Commonwealth was uncertain where [Appellant] was until "June and September of 2017 two years after he was supposed to be sentenced." 2-20-2018 Hearing Tr. Page 14.

On August 26, 2019, [Appellant], after being arrested and held based upon a bench warrant issued on April 25, 2019, for failure to appear for sentence, was brought before the court for sentencing. He was sentenced to not less than 30 days to [a maximum of] 9 months with credit [for] time served of 4[9][2] days (automatically paroled), required to obtain and updated drug and alcohol evaluation and follow his treatment plan, and, several additional and standard conditions. 8-26-19 Sentencing Tr. Page 8.

_____

[2] Although the trial court stated in its opinion that it provided Appellant credit for forty-three days of time-served, the notes of testimony reflect that the trial court corrected this calculation and afforded Appellant forty-nine days of time-credit. N.T., 8/26/19, at 8.

Trial Court Opinion, 10/23/19, at 1-3.[3]

On September 13, 2019, Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issue: "Whether the [t]rial [c]ourt erred in denying Appellant's Motion to Dismiss Pursuant to Pa.R.Crim.P. 704." Appellant's Brief at 5. Specifically, Appellant asserts that after he entered his guilty plea, the trial court violated his due process right to a speedy sentencing proceeding in violation Pa.R.Crim.P. 704. Id. at 15.

When reviewing a trial court's order disposing of a motion to dismiss pursuant to Pa.R.Crim.P. 704, we defer to the trial court on the issue of undue delay and reverse only for an abuse of discretion. Commonwealth v. Neysmith, 192 A.3d 184, 192 (Pa. Super. 2018). Mere errors in judgment do not amount to an abuse of discretion. Id. (citations omitted). Rather, discretion is abused where there is evidence of bias, ill-will, partiality, prejudice, manifest unreasonableness, misapplication of law, or where there is such a lack of support for the decision that it is clearly erroneous. Id. at 192-193 (citations omitted). Our scope of review is limited to the evidence of record and the factual findings of the trial court, and we review the findings

---

[3] At the sentencing hearing, Appellant's counsel renewed the motion to dismiss pursuant to Pa.R.Crim.P. 704. N.T., 8/26/19, at 6. The trial court denied the motion, imposed the aforementioned sentence, and ordered Appellant to be released on parole. Id. at 8.

of fact in the light most favorable to the prevailing party. Id. at 193 (citations omitted).

Rule 704 provides, in relevant part, as follows:

(A) Time for Sentencing.

(1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or nolo contendere.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 704(A)(1)-(2). When addressing speedy sentencing claims, this Court has explained:

The appropriate remedy for a violation of Pa.R.Crim.P. [704], is discharge. However, the remedy does not automatically apply whenever a defendant is sentenced more than ninety days after conviction without good cause. Instead, a violation of the ninety-day rule is only the first step toward determining whether the remedy of discharge is appropriate.

* * *

[A] defendant who is sentenced in violation of Pa.R.Crim.P. [704], is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her…. To determine whether discharge is appropriate, the trial court should consider:

(1) the length of the delay falling outside of the [ninety-day and good-cause] provisions [of Pa.R.Crim.P. 704]; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. Prejudice should not be presumed by the mere fact of an untimely sentence. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that

prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

Commonwealth v. Diaz, 51 A.3d 884, 887 (Pa. Super. 2012) (quoting

Commonwealth v. Anders, 725 A.2d 170, 172-173 (Pa. 1999) (footnotes

and some internal citations omitted)).

The trial court addressed Appellant's claim of error as follows:

[Appellant] was advised on September 3, 2015, when he entered his guilty plea that he was required to return to be sentenced on October 8, 2015, at 1:00 p.m. [Appellant] did not appear on October 8, 2015. His attorney (Attorney Garber) indicated that they had received second hand hearsay information that [Appellant] was in jail "somewhere in New York State;" and, they did not know where. Attorney Garber advised the court and the Commonwealth that they were attempting to obtain more information and it was reasonable to wait until hearing back from Attorney Garber or his office. A bench warrant was issued for failure of [Appellant] to appear for sentence. It was later discovered that he was incarcerated in a correctional facility in New York. However, this information was not available for some time and was difficult to obtain. As the above facts demonstrate [Appellant] did not maintain contact with counsel and they struggled to ascertain his whereabouts and make contact with him. Therefore, it is disingenuous for [Appellant] to now use the delay caused by him being held on different charges and failing to maintain contact with counsel as a basis for dismissal.

When the Commonwealth became aware that [Appellant] was at the Correctional Facility in Fishkill, New York, they contacted that facility and made a request to have [Appellant] returned to McKean County. However, they were advised that [Appellant] would not be released until he completed his sentence [in New York]. Therefore, the Commonwealth made reasonable efforts to have [Appellant] returned.

[Appellant's] failure to return and/or provide his contact information after he was released in New York is relevant as it reflects his motive. He did not want to be sentenced and, therefore, did not want anyone to know where he was. He knew

that sentencing was still pending in McKean County as he was told to be back when he plead guilty and then wrote letters to the court talking about missing his previous sentence hearing. He had to be apprehended in New York and brought back to Pennsylvania though the extradition process. He now asserts that the delay in sentencing has caused him prejudice because he is unable to move forward with his life; but, in December of 2018 when he maxed out on his sentence in New York and was released from incarceration, instead of returning to address this pending case and move forward with his life, he took off. Since he failed to return or stay in contact with his attorney or authorities after he was released in December of 2018, this issue should be considered waived.

Finally, [Appellant] has failed to demonstrate any prejudice caused by delay. He was given a sentence of 30 days to 9 months, given credit for the time he had served in McKean County and released. We cannot just assume that the delay caused prejudice; [Appellant] has to demonstrate specific prejudice. He has failed to do so.

Trial Court Opinion, 10/23/19, at 5-6.

Pursuant to our aforementioned standard of review, we agree with the trial court. Subsequent to Appellant entering his guilty plea, the Commonwealth attempted to have Appellant transferred from the prison in New York State to McKean County, Pennsylvania, for sentencing. The Commonwealth asserted that New York would not release Appellant until after he served his sentence in New York.[4] The trial court credited the statements

_____

[4] In a cursory fashion, Appellant mentions the Interstate Agreement on Detainers Act ("IAD"), 42 Pa.C.S. §§ 9101-9108, and asserts that the Commonwealth "should have taken steps" through the IAD to have Appellant returned to Pennsylvania for sentencing. Appellant's Brief at 18-19. However, Appellant fails to develop this claim in any meaningful way. Because this assertion is undeveloped, we conclude that it is waived. See Commonwealth

- 7 -

made by the Commonwealth reflecting its attempts to have Appellant returned to Pennsylvania. Additionally, it is undisputed that after Appellant completed his sentence in New York, he did not return to McKean County, Pennsylvania. Appellant corresponded with his counsel and the trial court demonstrating his awareness of the need to return for sentencing, but he chose not to return. Rather, Appellant did not arrive in Pennsylvania until after he was arrested in Olean, New York, on the McKean County warrant and returned to Pennsylvania through the extradition process. Therefore, the delay in sentencing was due to the State of New York's refusal to return Appellant to Pennsylvania, and Appellant's subsequent refusal to appear before the sentencing court in McKean County. Moreover, once Appellant was extradited and returned to Pennsylvania, the trial court imposed Appellant's "bargained-for" sentence

_____

v. Wise, 171 A.3d 784, 791 (Pa. Super. 2017) (finding an issue waived where the appellant failed to develop any argument or cite to controlling case law). Were we to address the issue, we would conclude that it is meritless. At the hearing held on February 20, 2018, the Commonwealth noted that the IAD was inapplicable because Appellant had not been sentenced. N.T., 2/20/18, at 11-12. We agree with the Commonwealth's position. There is nothing in the IAD that directs the interstate transfer of an individual for sentencing. See Commonwealth v. Destephano, 87 A.3d 361 (Pa. Super. 2014) (discussing the application of the IAD); see also Commonwealth v. Williams, 425 A.2d 451, 455 (Pa. Super. 1981).

and sentenced Appellant to the term he negotiated: thirty days to nine months of incarceration with credit for time served.[5]

In sum, although there was undoubtedly a delay between Appellant's guilty plea and sentencing, when we view the facts in the light most favorable to the Commonwealth, we conclude that the Commonwealth satisfied, albeit minimally, the diligence required to avoid Appellant's discharge.[6] Moreover, we conclude that Appellant suffered no prejudice due to the passage of time between the guilty plea and sentencing, and we discern no abuse of discretion or error of law in the trial court's conclusion to deny Appellant's motion to dismiss.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[5] The record reflects that Appellant negotiated the sentence of thirty days to nine months of incarceration with credit for time served when he agreed to plead guilty. N.T., 9/3/15, at 11-12.

[6] Although we conclude that the Commonwealth exercised a level of diligence that precludes Appellant from prevailing on appeal, we would be remiss in not noting the Commonwealth's lack of urgency and laissez-faire attitude in fulfilling its duties as prosecutor.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/29/2020</u>